[Civ. No. 8209.  Third Dist.  Oct. 22, 1952.]

FRANK ANDREWS, Appellant, v. THE BOARD OF DIRECTORS AND TREASURER OF THE MODESTO IRRIGATION DISTRICT (a Public Corporation), et al., Respondents.

Frank Andrews, in pro. per., for Appellant.

Vernon F. Gant for Respondents.

VAN DYKE, J.—Herein plaintiff, as a taxpayer, brought action against the board of directors and the treasurer of Modesto Irrigation District, complaining that the defendants had purchased and paid for three large electrical transformers without advertising for bids. A general demurrer was sustained without leave to amend and from the judgment entered thereafter this appeal has been taken.

In his complaint, appellant, who is acting in pro. per., asks that the trial court "invoke on the defendants [respondents here] the penalty prescribed by Law." He refers to section 21196 of the Water Code, which provides that for any wilful violation of express duty the officers of the district are subject to removal from office.

Appellant contends that the district through its officials were required by law to call for bids before they might purchase the equipment alleged to have been purchased by them, and that their purchasing the same without such call was a violation of law. Appellant cites in support of his contention the following sections of the Water Code dealing with irrigation districts. Section 22300 reads as follows: "As used in this article 'works' is limited to any works to be paid for with the proceeds of the sale of bonds or a limited assessment." Section 22301 reads: "Contracts for the construction of any works shall be made pursuant to the provisions of this article." The sections following those quoted direct that the board of directors of the district give notice, by publication, calling for bids for the construction of "works" or of any portion thereof; and provide for the contents of such notice and various other matters, including the awarding of contracts to the lowest bidders. Section 22306 provides that in case of emergency or urgent necessity for any works, the board by unanimous vote of those present may award contracts without advertising for bids, if the cost of the works does not exceed $500 and an additional amount equal to five cents for each acre of land in the district.

We think it clear that, in the absence of allegations that the equipment alleged to have been purchased without a bid comes within the definition of the word "works" as defined in the sections referred to, the pleading fails to state a cause of action. We are assuming, without deciding, that some right of action would rest in appellant, as plaintiff, if the law concerning bidding had been violated; and we do this because the respondents have requested that our decision be based upon the proposition advanced by them, contrary to the claims

of appellant, that in purchasing such equipment as was here purchased they are not required to call for bids. In the absence of affirmative allegations to the contrary, it must be taken that the equipment did not come within the definition of "works" as given in section 22300 of the code, that is, it must be assumed that the equipment was not to be paid for out of the proceeds of the sale of bonds or of a limited assessment.

We think it clear that it was the purpose of the Legislature, when requiring that bids be called for before contracts for the construction of any "works" should be made, was that the requirement should be limited to "works" as that word was especially defined. There could be no other explanation of the limitation imposed by the definition. The sections must be read as though they expressly stated that they had no application except to the construction of works to be paid for by the proceeds from the sale of bonds or of a limited assessment.

By other sections a limited assessment is defined as meaning, "any or all of the following: (a) Completion assessment. (b) Particular purpose assessment. (c) Emergency assessment." (Wat. Code, § 20540.) These three forms of assessments are in turn specifically defined as follows: " 'Completion assessment' means an assessment levied pursuant to Article 2 of Chapter 2 of Part 10." (§ 20537.) The article, chapter and part referred to deal with assessments "for the completion of a plan of works." (See §§ 25670-25679, inc.) An assessment for a "particular purpose" may be levied for "any of the purposes of the district," but only after an authorizing election. And an emergency assessment may be levied "in cases of emergency by which the flow of water in a canal or other supply is interrupted." Bonds may be issued for the purpose of acquiring necessary irrigation, drainage, power development and distribution works, for acquiring the necessary property for such works, and "for the purposes of the district" and for otherwise carrying out the provisions of the irrigation district law. (§ 24950.) It thus appears that when the Legislature enacted the sections having to do with the letting of contracts on bids, it precisely limited the operation of those sections. It excluded therefrom the multitudinous purchases which these districts must make from time to time in the ordinary transaction of business; an exclusion which would naturally and reasonably be made, since these districts are authorized by law to engage, and frequently do engage,

in the extensive operation of works for the generation of electric power, and in the distribution and sale of such power.

We think that the trial court correctly held that the complaint did not state a cause of action. The record shows that the court permitted the complaint to be once amended, that the defects herein pointed out were specified in the trial court, and that appellant, as plaintiff below, did not request leave to further amend.

The judgment is affirmed.

Peek, J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 18, 1952.